23484

Harry PLYLER, for and on Behalf of the Plaintiff Class in Plyler, et al. v. Evatt, et al., United States District Court Number C/A 82-876-2, as their representative, Respondent v. Parker EVATT, Commissioner, South Carolina Department of Corrections, and Michael Cavanaugh, Commissioner, South Carolina Department of Probation, Parole and Pardon Services, Appellants.

(409 S.E. (2d) 416)

Supreme Court

*Attorney General T. Travis Medlock, Sr. Asst. Atty. Gen. Kenneth P. Woodington, Legal Advisor Larry C. Batson,* of *S.C. Dept. of Corrections,* and *Chief Legal Counsel Carl N.*

*Lundberg,* of *S.C. Dept. of Probation, Parole and Pardon Services,* Columbia, *for appellants.*

*W. Gaston Fairey,* Columbia, *for respondent.*

Heard July 1, 1991.

Decided Sept. 24, 1991.

GREGORY, Chief Justice:

This is an action for declaratory judgment seeking a judicial interpretation of S.C. Code Ann. §§ 24-13-710 and -720 (1989) concerning the eligibility of inmates for the supervised furlough program administered by appellants (Agencies). We affirm as modified.

Section 24-13-710 charges Agencies with the joint implementation of a supervised furlough program permitting release prior to parole eligibility for

> carefully screened and selected inmates who have served the mandatory minimum sentence as required by law or have not committed a violent crime as defined in § 16-1-60 nor committed the crime of criminal sexual conduct in the third degree as defined in § 16-3-654 or the crime of committing or attempting a lewd act upon a child under the age of fourteen years as defined in § 16-15-140. . . .

An inmate who meets this qualification must also meet certain "eligibility criteria" under § 24-13-710:

> Eligibility criteria for the program include, but are not limited to, all of the following requirements:
>
> (1) maintain a clear disciplinary record for at least six months prior to consideration for placement on the program;
> (2) demonstrate to Department of Corrections' officials a general desire to become a law-abiding member of society;
> (3) satisfy any other reasonable requirements imposed upon him by the Department of Corrections;
> (4) have an identifiable need for and willingness to participate in authorized community-based programs and rehabilitative services;

(5) have been committed to the State Department of Corrections with a total sentence of five years or less as the first or second adult commitment for a criminal offense for which the inmate received a sentence of one year or more.

The second statute in question, § 24-13-720, provides:

Unless sentenced to life imprisonment, an inmate under the jurisdiction or control of the Department of Corrections *shall, within six months of the expiration of his sentence, be placed with the program provided for in § 24-13-710* and shall be subject to every rule, regulation, and condition of such programs. No inmate otherwise eligible under the provisions of this section for placement with the program under § 24-13-710 may be so placed unless he has maintained a clear disciplinary record for at least six months prior to eligibility for placement with such program. (Emphasis added.)

In administering the supervised furlough program, Agencies have interpreted § 24-13-720 to restrict furlough under § 24-13-710 by allowing early release only when an inmate is within six months of expiration of his sentence even if the inmate otherwise meets the requirements of § 24-13-710. Respondent commenced this action alleging Agencies' interpretation contravenes § 24-13-710. The trial judge held § 24-13-720 does not affect an inmate's eligibility for furlough under § 24-13-710.

On appeal, Agencies rely on the fact they have been interpreting § 24-13-710 in the same manner since 1982.[1]

Although § 24-13-710 has never required that an inmate be within six months of expiration of sentence, in May 1982 Agencies implemented a program under the authority of § 24-13-710 which *did* include this six-month limitation. Agencies argue the enactment of § 24-13-720 in 1983 merely codified their existing practice of requiring that an inmate be within six months of expiration of sentence.

---

[1] The first version of § 24-13-710 was enacted in 1981 and was essentially the same as it is now except without eligibility criteria (4) and (5) and without the mandatory service provision. Changes have also been made from time to time regarding which crimes will disqualify an inmate for furlough.

We find this interpretation of legislative intent unpersuasive. Section 24-13-720 clearly contemplates a different class of inmates being considered for furlough, i.e. those within six months of expiration of sentence who do not qualify under § 24-13-710. This construction is supported by the fact that § 24-13-720 repeats the same eligibility requirement of § 24-13-710 regarding a clear six-month disciplinary record. Read in context with § 24-13-710, § 24-13-720 governs furlough eligibility for inmates whose total sentences exceed five years or who have committed a third offense for which they have received a sentence of at least one year since these inmates are not eligible for furlough under § 24-13-710(5). We therefore agree with the trial judge's ruling that § 24-13-720 is a separate furlough provision which does not affect the eligibility of inmates under § 24-13-710.

Having harmonized these two statutes, however, we find the pivotal issue is whether § 24-13-710 itself empowers Agencies to add the requirement that an inmate be within six months of expiration of sentence as an eligibility criterion. We conclude that it does.

Contrary to respondent's position, § 24-13-710 does not *require* furlough eligibility before eligibility for parole, it merely *permits* it. Agencies are expressly authorized under § 24-13-710 to develop policies, procedures, and guidelines for the furlough program. Further, § 24-13-710 states: "Eligibility criteria for the [supervised furlough] program shall include, *but are not limited to,* all of the following requirements. . . . " Construing this language, we hold that under § 24-13-710 Agencies have the discretion to impose additional criteria for furlough eligibility. Agencies may therefore require an inmate to be within six months of the expiration of sentence before being eligible for furlough under § 24-13-710.

Affirmed as modified.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.